```
     IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF INDIANA
              FORT WAYNE DIVISION
```

JENA K. PAIGE,                       )
                                     )
Plaintiff,                           )
                                     )
vs.                                  ) CAUSE NO. 1:17-cv-82
                                     )
U.S. COMMISSION ON CIVIL             )
RIGHTS,                              )
                                     )
Defendant.                           )

## OPINION AND ORDER

This matter is before the Court on the Motion to Proceed In Forma Pauperis, filed by pro se Plaintiff, Jena K. Paige, on March 7, 2017. (DE #2.) For the reasons set forth below, the motion (DE #2) is **DENIED** and the complaint (DE #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

In this case, Paige names as the defendant the "U.S. Commission on Civil Rights." (DE #1 at 1.) She alleges that she "was discharged from the United States Air Force without any entitlements of compensation from [her] employer from [her] disability," that the Department of Veteran Affairs has denied her due compensation for her disability, and that if she "were to notify the Civil Right's about this matter to seek their assistance in protecting [her] substantial rights of discrimination they would

tell me that they cannot help/defend/nor protect me from the discrimination [of] the Department of Veteran Affairs." (DE #1 at 8.) Paige alleges that the Civil Right's Commission "would and should have a duty to assist, but due to the laws would not." (DE #1 at 5.)

Paige was discharged from the Air Force on June 2, 2006. (DE #1 at 19.) Since 2006, she has filed a number of civil cases against the United States or the Air Force in the District Court for the Southern District of Georgia, all contending her military discharge was fraudulent. *See, e.g., Paige v. United States*, 4:2010-cv-210 (S.D. Ga. Sept. 13, 2010); *Paige v. United States Air Force*, 4:2009-cv-182 (S.D. Ga. Nov. 30, 2009); *Paige v. United States*, 4:2008-cv-71 (S.D. Ga. Apr. 8, 2008); *Paige v. United States*, 4:2007-cv-151 (S.D. Ga. Oct. 9, 2007). Each of these cases was dismissed on various grounds, including that Paige had not exhausted her administrative remedies, that the case was barred by the statute of limitations and/or that the case was frivolous. *See, e.g.*, 4:2010-cv-210 ("As the Court has repeatedly explained to her, her claims are frivolous, duplicative, and time-barred."). The Southern District of Georgia eventually enjoined Paige from filing any more complaints in that court related to her military discharge. *In re Jena Paige*, 4:2010-mc-40 (S.D. Ga. Sept. 30, 2010) ("[Paige] is advised that her crusade against the United States is at an end. Paige should be **ENJOINED** from filing any

2

further complaints relating to her discharge from the United States Air Force.  Should she file another such complaint, she will be subject to contempt for violating the Court's injunction.").

Paige then filed a lawsuit in this Court, focusing on her military discharge and asking the Court to review the adverse decision she got from the Southern District of Georgia and the Eleventh Circuit Court of Appeals. *See Jena Paige and Jamal Paige v. United States of America*, Case No. 1:11-cv-54 (N.D. Ind. Mar. 8, 2011).  The Honorable Philip P. Simon denied the motion for in forma pauperis in that case, finding it frivolous due to the earlier lawsuits and because it failed to state a plausible claim for relief. *Id.*

DISCUSSION

With regard to Paige's request to proceed IFP, the IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. *See* 28 U.S.C. section 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992).  When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988).  If a court finds

that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the in forma pauperis application.  *See Smith-Bey*, 841 F.2d at 757.

Looking at the first determination, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor."  28 U.S.C. § 1915(a).  Here, Paige's filings indicate she receives Social Security disability benefits in the amount of $1,010 per month and a VA pension of $300, and she is supporting a child.  (DE #2 at 2.) Paige did not answer two of the questions on the form (including how much money she has and the value of her property).  Even assuming, *arguendo*, that Paige has sufficiently established she is unable to prepay the filing fee, her application still fails because she has not satisfied the second requirement.

Title 28 U.S.C. § 1915(e)(2)(B) directs the court to screen all complaints filed with requests to proceed in forma pauperis, and to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  This complaint is frivolous.  The multiple Georgia cases and the other case filed in the Northern District of Indiana have repeatedly foreclosed Paige's similar claims, finding they were frivolous and barring her from further

4

filings.

Additionally, this complaint also fails to state a claim on which relief may be granted. Courts apply the same standard under section 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and, "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Paige's allegations are confusing and do not state a plausible claim for relief. She seems to allege that if she were to notify the Civil Rights Commission about her allegations and

5

seek its assistance, then the Commission would not help her. (DE #1 at 8.) This mere speculation about what the Commission might hypothetically do is insufficient to state a claim. *See Twombly*, 550 U.S. at 555. It is unclear what claim Paige is making about how the Commission's actions (or inactions) could properly be redressed in a lawsuit. Finally, any non-speculative, cognizable claim against the Commission would still likely be disposed of on immunity grounds. *See, e.g., Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999). For all of these reasons, Paige has failed to state a claim for plausible relief.

CONCLUSION

For the reasons set forth above, the Motion to Proceed In Forma Pauperis (DE #2) is **DENIED** and the complaint (DE #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).


DATED: April 4, 2017                    /s/ RUDY LOZANO, Judge
                                        **United States District Court**

6